IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HENRY FAMBROUGH; BOBBY SMITH; AND
SPINNERS PERFORMING ARTS, INC.,
D/B/A "THE SPINNERS" PLAINTIFFS

VS. CIVIL ACTION NO. 5:13-cv-46(DCB)(MTP)

G.C. CAMERON, INDIVIDUALLY;
NATCHEZ CASINO OpCo, LLC, D/B/A
MAGNOLIA BLUFFS CASINO;
CASINO HOLDING INVESTMENT PARTNERS,
LLC; PREMIER GAMING GROUP, INC.;
L & G PRODUCTIONS; and JOHN DOES 1-10 DEFENDANTS

ORDER

This cause is before the Court on the plaintiffs' Motion for Ex Parte Restraining Order and Order of Preliminary Injunction **(docket entry 20)**. Having carefully considered the motion and the plaintiffs' memorandum, as well as the evidence submitted by the plaintiffs and the record in this case, the Court finds as follows:

This action was commenced in the Chancery Court of Adams County, Mississippi, on January 25, 2013, with the filing of the original Complaint by Henry Fambrough ("Fambrough"), Bobby Smith ("Smith"), and Spinners Performing Arts ("SPA"), d/b/a "The Spinners," against G.C. Cameron, individually and d/b/a L&G Products ("Cameron"), and "John Does acting in consort." On February 21, 2013, the plaintiffs filed their First Amended Complaint against Cameron; Natchez Casino OpCo, LLC, d/b/a Magnolia Bluffs Casino ("Natchez Casino"); Casino Holding Investment Partners, LLC ("Casino Holding"); Premier Gaming Group, Inc.

("Premier Gaming"); L&G Productions ("L&G"); and John Does 1-10. The First Amended Complaint was served on defendants Natchez Casino, Casino Holding, and Premier Gaming on February 28, 2013, and on defendant Cameron on March 4, 2013. Cameron filed his Answer to the First Amended Complaint on March 22, 2013. Defendants Magnolia Bluffs, Casino Holding, and Premier Gaming filed a Notice of Removal to this Court on March 28, 2013. Defendant Cameron joined in the removal on April 1, 2013. Also on April 1, 2013, Magnolia Bluffs, Casino Holding, and Premier Gaming filed their Answer to the First Amended Complaint. The present motion by the plaintiffs was filed on June 6, 2013. There has been no response by any of the defendants.

The plaintiffs' First Amended Complaint is brought pursuant to the Lanham Act, 15 U.S.C. §§ 1051, et seq. (trademark infringement), and Miss. Code Ann. § 75-25-25 (state law trademark infringement). Plaintiffs Fambrough and Smith allege that they are the only living members of the original recording and performing group "The Spinners," and that they continue to perform and conduct their business activities through SPA. Defendant Cameron is alleged to be a resident citizen of Natchez, Mississippi. The plaintiffs allege that Cameron

> has performed, is performing, and/or will continue to publicly perform as a member of groups styling themselves as "Legendary Lead Singer of The Spinners," and/or as "The Spinners Reunion Show," "The Spinners, featuring G.C. Cameron," or under other names which incorporate the name and mark "The Spinners," and that said Defendant has

> profited from, and unless enjoined, will continue to profit from, the unauthorized use of Plaintiffs' trade name and service mark, "The Spinners," in violation, infringement and misappropriation of Plaintiffs' right to exclusive use of the name and mark, "The Spinners," for such performances ....

First Amended Complaint, ¶ 9. The plaintiffs further allege that Cameron

> books, advertises, owns, manages, controls, and/or otherwise participates in the booking, advertising, management, control and/or ownership of those groups styling themselves as "The Spinners," and/or as "The Motown Spinners," or similar derivative names, and that said defendant has profited from, and unless enjoined will continue to profit from, the unauthorized use of Plaintiffs' trade name and service mark, "The Spinners."

First Amended Complaint, ¶ 10.

Plaintiff Fambrough is a resident citizen of the state of Michigan. Smith is a resident citizen of the state of Florida. SPA is a corporation organized pursuant to the laws of the state of Michigan with its principal place of business in Troy, Michigan.

Natchez Casino is alleged to be a Mississippi limited liability company managed by Casino Holding, also a limited liability company, both doing business in Natchez, Mississippi. Premier Gaming is alleged to be a Kentucky corporation qualified to do business in Mississippi. The status of defendant L&G is unclear. The original Complaint was filed against defendant Cameron "d/b/a L&G Productions." The First Amended Complaint names L&G Productions as a separate defendant but does not allege its status as a business entity nor its agent for service of process.

Defendant Cameron answered both the original Complaint and the First Amended Complaint as "G.C. Cameron, individually and d/b/a L&G Productions." Concerning defendant L&G, the plaintiffs allege, in their First Amended Complaint:

> Defendant, L&G Productions (L&G) is an entity known to Defendant G.C. Cameron and the Magnolia Defendants[1], Plaintiffs is [sic] informed and believe, and based on such information and belief alleges [sic], that L&G is a business affiliated with and located within the custody and/or control of Defendant Cameron and/or Magnolia Defendants and which is owned and/or controlled by Defendant Cameron and/or Magnolia Defendants. Further L&G figure [sic] prominently in the fraudulent presentation of the knockoff fraudulent group presented to the public in violation of Plaintiffs' trademark, name and business enterprise.

First Amended Complaint, ¶ 13.

The John Doe defendants are alleged to be

> alter egos of Defendant Cameron and [...] said Defendant[s] inter alia, have promoted themselves to venues, styling themselves as "Legendary Lead Singers of The Spinners" and/or as "The Spinners Review[,"] and have performed, and are currently performing, or are scheduled to perform, and that said Defendants have profited from such performances, including having done so with the Magnolia Defendants, or will continue to profit from such performances, unless enjoined.

First Amended Complaint, ¶ 14. The plaintiffs also allege that one of the John Doe defendants is

> an individual of Unknown domicile, who books, advertises, owns, manages, controls, and/or otherwise participates in the booking, advertising, management, control and/or ownership of those groups styling themselves as "Legendary Lead Singers of the Spinners," and/or as "The

[1] The plaintiffs refer to defendants Natchez Casino, Casino Holding, and Premier Gaming as "the Magnolia Defendants."

> Spinners Reunion Show," or similar derivative names, and that said defendant has profited from, and unless enjoined will continue to profit from, the unauthorized use of Plaintiff[s'] trade name and service mark, "The Spinners."

First Amended Complaint, ¶ 15.

The plaintiffs allege false and misleading advertising by all defendants, including internet advertising by the Magnolia Defendants. First Amended Complaint, ¶¶ 54-56. The plaintiffs also allege that "The Magnolia Defendants advertised, sold tickets to, and presented a show by 'The Spinners' on Saturday January 26, 2013, which falsely indicated that the show being thus presented was a show to be performed by Motown Spinners and ... also 'The Spinners'." First Amended Complaint, ¶ 57.

The First Amended Compliant seeks injunctive relief for alleged violations of 15 U.S.C. § 1125(a) (False Designation of Origin and False Description), 15 U.S.C. § 1125(a) and Miss. Code Ann. § 75-25-25 (Trade Dress Infringement), and 15 U.S.C. § 1125(c) (Federal Trademark Dilution), as well as 15 U.S.C. § 1116 and Miss.R.Civ.P. 65 (Preliminary and Permanent Injunction). The plaintiffs also seek damages and treble damages under 15 U.S.C. §§ 1125(a) and 1125(c). Finally, the plaintiffs seek declaratory relief to quiet their title and exclusive right to use the name "The Spinners" for public performances, pursuant to 15 U.S.C. § 1125 and Miss. Code Ann. § 75-25-25.

The plaintiffs' Motion for Ex Parte Restraining Order and

Order of Preliminary Injunction is brought pursuant to Fed.R.Civ.P. 65, which provides: "The court may issue a preliminary injunction only on notice to the adverse party." Fed.R.Civ.P. 65(a)(1). Rule 65 further provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1)(A)&(B).

"A temporary restraining order relates only to restraints sought without written or oral notice to the adverse party or his attorney, whereas the application is properly treated as one for a preliminary injunction where the adverse party was given notice." Tolliver v. Collins, 2009 WL 2168321, *1 (S.D. Ohio July 17, 2009) (citations omitted). In this action, the defendants were notified of the plaintiffs' motion through the court's ECF system simultaneously with the filing of the motion. Therefore, the Court will treat the plaintiffs' motion as one for a preliminary injunction. Id.

"[I]n the context of Rule 65(a), notice implies the opportunity to be heard and to present evidence." Hatchett v. Eich, 2010 WL 1286883, *2 (E.D. Wis. March 30, 2010)(citing Medeco

Security Locks, Inc. v. Swiderek, 680 F.2d 37, 38 (7th Cir. 1982)). "The Court must 'allow [the adverse] party sufficient time to marshal his evidence and present his arguments against the issuance of the injunction,' i.e., the adverse party must be afforded a 'fair opportunity' to oppose the preliminary injunction." Id. (citing Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 105 (2nd Cir. 2009)(quoting Rosen v. Siegel, 106 F.3d 28, 31 (2nd Cir. 1997)).

The Court shall therefore allow the defendants fourteen (14) days from the date of entry of this Order to file their responses to the motion for preliminary injunction. The plaintiffs shall have seven (7) days to file rebuttals.

On June 13, 2013, the plaintiffs filed a Rule 15(a)(2) motion for leave to file a Second Amended Complaint. The plaintiffs seek to add four additional defendants "who heretofore were unknown John Does": Linda Dixon a/k/a Linda Thomas, a/k/a Lady L; Winfred Black; Jerome Jackson; and Steven Keith Smith. This motion is presently pending before Magistrate Judge Parker. In their motion, the plaintiffs allege that defendant Cameron, the proposed four additional defendants, "and others have scheduled another concert for August 24, 2013, using the property rights, the name of the Plaintiffs, 'The Spinners' and all manner of likeness and promotion perpetrating upon the public, they are the Spinners, when they are not." Memorandum, ¶ 3.

In order to assure a prompt hearing on the plaintiffs' motion

for preliminary injunction, the Court orders the following briefing schedule:

(1) The present named defendants shall file their responses to the plaintiffs' motion within fourteen (14) days from the date of entry of this Order;

(2) The plaintiffs shall file their rebuttals within seven (7) days from the date they receive the defendants' responses;

(3) If the plaintiffs are allowed to file a Second Amended Complaint adding the proposed four additional defendants, and assuming the plaintiffs also plan to file a motion for preliminary injunction against these four defendants; then, along with the Summons and Second Amended Complaint, the plaintiffs shall serve such motion for preliminary injunction, along with a copy of this Order, on said newly added defendants. The newly added defendants shall file their responses to the motion for preliminary injunction within the time allowed for service of their Answer to the Second Amended Complaint (21 days);

(4) The plaintiffs shall file their rebuttals within seven (7) days from the date they receive the newly added defendants' responses.

Once specific dates for these deadlines have been established, the Court will set the hearing on the plaintiffs' motion for preliminary injunction.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion for temporary restraining order **(docket entry 20)** is DENIED;

FURTHER ORDERED that the plaintiffs' motion for preliminary injunction **(docket entry 20)** shall be held in abeyance, shall be briefed by the parties as outlined above, and shall be set for hearing by the Court at the earliest possible date following the conclusion of briefing.

SO ORDERED, this the 19th day of June, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE