IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI WESTERN DIVISION

HENRY FAMBROUGH, SPINNERS PERFORMING ARTS, INC. D/B/A "THE SPINNERS"
PLAINTIFFS

V.                                    CIVIL ACTION NO. 5:13-cv-46 DCB-MTP

GEORGE CAMERON, A/K/A G.C. CAMERON, INDIVIDUALLY
NATCHEZ CASINO OpCo, LLC, D/B/A MAGNOLIA BLUFFS CASINO;
CASINO HOLDING INVESTMENT PARTNERS, LLC;
PREMIER GAMING GROUP, INC.; L & G PRODUCTIONS, LINDA DIXON, A/K/A LINDA THOMAS. A/K/A LINDA CAMERON, A/K/A LADY L, INDIVIDUALLY
AND THOSE JOHN DOES 1 THROUGH 10                    DEFENDANTS

ORDER OF PERMANENT INJUNCTION
AGAINST GEORGE CAMERON, A/K/A G. C. CAMERON, L & G PRODUCTIONS, LINDA DIXON, A/K/A LINDA THOMAS, AK/A LINDA CAMERON, A/K/A LADY L

Upon the Settlement Agreement and Stipulation of Plaintiffs, Henry Fambrough and Spinners Performing Arts, Inc, d/b/a "The Spinners, professionally known as "The Spinners", and Defendants George Cameron, a/k/a G. C. Cameron and L & G Productions, Linda Dixon, a/ka Linda Thomas, a/k/a Linda Cameron, a/k/a Lady L, for violation of Plaintiffs' trademark in, "The Spinners" name; entry of permanent injunction is **HEREBY GRANTED,**
As follows:

**IT IS HERBY ORDERED AND ADJUDGED,** Defendants, George Cameron, a/k/a G. C. Cameron and L & G Productions, Linda Dixon, a/ka Linda Thomas, a/k/a Linda Cameron, a/k/a Lady L, his/her and their employees, officers, associates, partners, performance group singers, agents, attorneys, successors, and assigns, and all those in active concert and/or participated with any of them, who shall receive actual notice of this Order, are hereby permanently enjoined from engaging in the following activities, or in any of them:

(1) Directly or indirectly infringing upon the goodwill associated with Plaintiffs' Trade and service mark "The Spinners", officially registered as a trademark and service Mark, U.S. Serial Number 73055949. Accordingly;

(2) Defendants shall not engage in any professional endeavor, including, but not limited to, live or recorded performances or releases of any sound or video recording, with one or more person who describe or promote themselves as "The Spinners", "The Spinners Review", "The Motown Spinners", "The Detroit Spinners", "The Atlantic Records Spinners", "G. C. Cameron featuring The Spinners", "The Spinners, Featuring G.C. Cameron", or any other name likely to be confused with "The Spinners' or "Spinners", without Plaintiffs' express written consent.

(3) Directly or indirectly infringing upon the trade name, "The Spinners" or using Plaintiff's trade name in any manner, including generally but not limited to advertising, promoting, performing, and/or exhibiting the services of Defendant George Cameron, a/k/a G.C. Cameron, or of anyone else that infringes said trade name, "The Spinners" accordingly;

(4) Defendants, all of them referenced in this Order only and G.C. Cameron, his/their agents affiliates, successors ,assigns ,attorneys, partners and employees are enjoined, anywhere in the world, from orally promoting or describing to a pubic audience, or from creating, issuing or disseminating to, or having created, issued, or disseminated, any writing distributed or visible to the public, referring to or using the word "Spinners, or any word or name likely to be confused with The Spinners, including, The Spinners", "The Spinners Review", "The Motown Spinners", "The Detroit Spinners", "The Atlantic Records Spinners", "G. C. Cameron featuring The Spinners"," "The Spinners, Featuring G.C. Cameron", or any other name likely to be confused with "The Spinners" or "Spinners".

(5) Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants customers, and/or members of the public to believe, that the actions of Defendants, including the advertisement, promotion, performance, and/or exhibition of any performance or under the name "The Spinners," or any similar incarnation of the name, are sponsored, approved, or licensed by Plaintiffs, or are in some way associated, affiliated, or connected with Plaintiffs and/or with "The Spinners";

(6) Affixing, applying, annexing, or using in connection with the advertisement, promotion, performance, and/or exhibition of any performance or performers under the name "The Spinners," or any similar incarnation of the name, a false description or representation, including words or false symbols tending to describe or represent such goods or services as being those of Plaintiffs;

(7) Diluting and/or infringing Plaintiffs' trade name "The Spinners," and/or damaging Plaintiffs' goodwill, reputation and business;

(6) Effecting assignments or transfers, forming new entities or associations, or utilizing any other means, device or artifice, for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this order of permanent injunction.

PROVIDED HOWEVER, Defendant George Cameron, a/k/a G.C. Cameron, may refer to himself in any marketing scheme for any performances for himself and those who perform with him, if presented as a group, the he and only he, is a former/ ex singer, or former/ ex lead performer with "The Spinners". He shall insure that this qualification is prominently disclosed in all of his promotional materials and those who perform with him, should that be the case.

Pursuant to Fed. R. Civ P. 54 (b), the court hereby makes an express determination that there is no just reason for delay, and expressly directs entry of this judgment of permanent injunction forthwith.

IT IS SO ORDERED,

s/David Bramlette
10/30/13

**APPROVED AS TO FORM:**

PAUL MATHIS, LLP

Paul Mathis, Jr., Esq.; MSB No. 8993
Attorney for the Plaintiffs

**LAW OFFICES OF BOBBY MOAK**

Robert W. Moak, Esq., MSB No. 9915
Attorney for the Defendants George Cameron, a/k/a G.C. Cameron,
L & G Productions; Linda Dixon, a/k/a Linda Thomas, a/k/a Linda Cameron,
a/ka LADY L.